PROYOSTY, J.
In November, 1909, the railroad commission of the state made an order reducing express rates on liquors shipped out of the city of Alexandria. The defendant express company filed suit against the commission to annul this order, as being unreasonable, unfair, confiscatory, and discriminating against other shipping points; and, on the theory that the suit thus filed had the effect of suspending the operation of said *684 order, although unaccompanied by an injunction, it exacted payment of plaintiff and other liquor shippers from Alexandria at the old or higher rates. Plaintiff paid the difference between the two rates under protest. The.other shippers, it seems, made no protest. In December, 1911, the commission issued an order, general for the entire state, to be effective in March, 1912, which was understood to have superseded the order of 1909, although having made no reference .to it, and notwithstanding the following clause:
“There are many special rates in effect applying on commodities which move frequently and in great volume. Such rates will not be disturbed.”
Immediately after the adoption of this general order, the suit of the defendant company against the commission was dismissed. We are not advised whether it had been put at issue. At any rate it did not come to judgment. The dismissal was on the joint motion of the parties. Plaintiff then brought the present suit to recover back from the defendant company the amount paid under protest. His contention is that the said suit did not have the effect of suspending the operation of the order,' but that said order remained in full force and operation until superseded by the order of December, 1911.
[1] Article 286 of the Constitution, as amended (Act No. 14, p. 16, Extra Session, of 1907), reads:
“Provided that every order or decision of the commission, fixing and establishing a rate or charge for the transportation of passengers or freight, or for the transmission of messages or conversations by telephone or telegraph, within the state, shall go into effect at such times as may be fixed by the commission, and shall remain in effect and be complied with unless and until set aside by the commission, or by a final judgment of a court of competent jurisdiction, rendered on final trial in a suit to set aside and annul same.”
This would seem to leave no room for discussion. Another proviso, however, reads:
“Provided, that whenever any rate * * * of the commission is contested in court, as provided by this Constitution, * * * and the same is maintained on final trial, * * * the railroad, express * * * company, * * * shall forfeit and pay to the state not less than $10 nor more than $50 per day, for each day that the putting into effect and operation of the rate * * * may have been suspended by such suit.”
It will be noted that, while the first of these provisos explicitly declares that a suit contesting an order shall not suspend its operation, the second speaks of the order being suspended by a suit contesting it. Therefore, if both of these provisos have reference to the same kind of suit, they stand in flat contradiction of each other. The only way to reconcile them is to hold that the first has reference to a suit which does not suspend — that is to say, to a plain, ordinary suit, unaccompanied by injunction — and that the other has reference to an injunction suit.
Against that interpretation the defendant invokes the decision of this court in the case of Kansas City S. Ry. Co. v. Railroad Commission, 106 La. 582, 30 South. 131, to the effect that injunction will not lie to suspend an order of the commission. But that decision was rendered prior to the amendment of 1907, when the first of the above-transcribed provisos was not contained in the Constitution, and when the second of these provisos read as follows:
“Provided that whenever any rate * * * is contested in court, as provided for in article 285 of this Constitution, no fine or penalty for disobedience thereto * * * shall be incurred until after said contestation shall have been finally decided by the courts, and then only for acts subsequently committed.”
Under this provision, a suit had the effect of suspending the order of the commission without an injunction; and, manifestly, the very purpose of the adoption of the first of the above-transcribed provisos was to make a change in that regard. But the second of said provisos; when it speaks of an order being suspended by suit, necessarily contemplates that such a thing as the suspending of an order by suit is possible, notwithstanding *686 the expressions of the first proviso; and no other way is known by which such suspension could be effected than by an injunction. The conclusion is therefore irresistible that this second proviso contemplates that an injunction will lie.
[2] It is argued that inasmuch as all the other shippers of liquors from Alexandria paid this overcharge, and are not demanding the return of it, the allowing of this return to plaintiff would have the effect of making the defendant charge more to these other shippers than to plaintiff, and that a discrimination of this kind is forbidden by article 286 of the Constitution.
The overcharge was illegal, and necessarily must be restored. If, therefore, discrimination is to be avoided, it will have to be by defendant’s making restitution to all alike.
The judgment of the Court of Appeal is affirmed, at the cost of relator.